Good morning, Your Honors. Jens Kepke, appearing for Appellant Mercado Latino. I'm going to mightily try to leave three minutes of my time for rebuttal. Your Honors, this is a case that should have easily survived a motion to dismiss. Looking at the appellate record, particularly the allegations of the complaint and the exhibits attached to the complaint, we see that there are many additional elements to the trade dress of these Sanctuary Series candles besides the copyrighted stained glass border design. Well, let me ask you this. You're different counsel than below, correct? I am. All right. The district court held that the plaintiff was barred from bringing an action under both the Copyright Act and the Lantham Act where a defendant allegedly infringed on valid copyright and trade dress rights held by the plaintiff. Is the appellee still contending that? Are they still saying that the district court got that wrong? I'm not saying the question right, but the district court said that there was a preemption issue. The court, in fact, dismissed the trade dress claim on preemption, yes. Okay. And maybe you weren't that – you saying your side wasn't really that helpful on that, but I'm noticing that NDO doesn't seem to really hit hard on that in their briefs or that it's barred under that. Well, I would tend to agree. They appear to concede, particularly under the Second Amendment complaint, that they don't seem to make an argument that preemption should apply to the Second Amendment complaint. Our point is that even under the First Amendment complaint, preemption should not apply. But yes, to answer your question, it appears to me – I don't want to speak for them – but that they seem to be conceding that under the Second Amendment complaint, there should not be preemption. If we thought that the district court was wrong on its preemption determination, where does that leave us? Because suppose a counsel says, well, it doesn't matter because they didn't address – the court didn't address preemption in the Second Amendment complaint or they didn't address the additional elements. They just said that you exceeded the scope of leave to amend. I don't think that's accurate, for one. I think the court – ultimately, the only way the court can dismiss the traitorous claim is the court said, you got another chance. I think that preemption applies after the first complaint. You get another chance. The court then ultimately rules, no, I'm going to dismiss the traitorous claim on the basis that it's still preempted. So if this court reverses, then that claim is alive. Of course, there's also a trademark infringement claim where preemption is not an issue, and that would also still be alive, presuming that the court reverses. Well, what about the quality control, though? It seems like you kind of blew that claim in terms of you didn't – you had a chance to amend on that, but you never really did. You just rested, and so there isn't a complaint that alleges the facts of the quality control exception to the first sale doctrine. There's just this affidavit that's out there, but it's not really in any way admissible. So did you – why should you be allowed to – why should you be allowed to replete that when you sat on your hands and didn't do it down there? Well, for one, the basic allegations of the repackaging of the Mercado candles is in the complaint, the operative complaint, the second amendment complaint. That's the basis for either the repackaging notice or the – ultimately, the quality control exception to the first sale doctrine. So you're saying those are alternate exceptions? Those are alternate exceptions. Okay, so even if the quality control is out, you would say the repackaging exception would save your – and I take it this is a trademark infringement reverse passing off claim? Yes. Okay, so that's different than the trade dress claim because Mr. Court seemed to – The court seemed to cross those wires, but they're very – as the court recognizes, they're doctrinally very different, and they're based on different facts. So the evidence to support the trademark infringement claim, if the case went back down, could include, as Your Honor knows, anything that is put forward because we're just at the motion to dismiss level, right? What was – my sense of what the district court's looking at is he has a first amended complaint that identifies explicitly the combinations that are supposed to represent the trade press claim. The combinations are – it says it in so many words, paragraph 21. It features the unique combination of the following design elements. And all that gets mentioned is the depiction of a saint or other religious figure with the bullet-shaped border and the name of the saint or religious icon underneath the description. There's nothing there about all the other factors that are being brought in, in which there was an effort to be brought in in the second amended complaint. And the court reacted to the second amended complaint by saying, I didn't give you leave to add all those additional factors, so I'm not considering them. So he goes back to what's been pled, and the first amended complaint says that's not enough. Why isn't that right? Well, first of all, because it's – two reasons. One, the first amended complaint does describe more than just simply the – Where? Well, it – just as Your Honor read. I just read it. It talks about – It makes us – it says the following – it doesn't say anything about the various factors which the argument now tries to bring in in the second amended complaint. It's specific, and it sure can't be the name of a saint or a figure of a saint. The only unique element turns out to be the bullet design. That's unique for purposes of copyright. That's not necessary for a trade dress. It's a – it has to be a combination of visual elements for purposes of trade dress. You don't have to be – Nothing unique about that combination of elements if you look at your own brief and look at the picture of all those candles. Okay, the other thing to note, Your Honor, is that that same paragraph, paragraph 21, also says a representative sample of the label that's being alleged to have trade dress is attached as Exhibit F. And when you look at that, it includes not just the front of that label but the entire label, which has all the elements and shows the proportions and the entirety. So under that, if you – and those exhibits obviously get incorporated into the complaint, and the court has to. So even under that allegation in the First Amendment complaint, we are looking at the entire trade dress. Paragraph 21 doesn't say add additional elements as illustrated in Exhibit E. It is explicit in saying the following unique elements. And I list three things, picture, name, and the bullet design. That's it. And the district court in the Second Amendment complaint says, I'm not considering all those additional things. You had your shot at that. You haven't asked for leave. Obviously, you doesn't mean you, but your client's lawyer at the time didn't ask for leave to add additional things, so I'm not considering them. Why should we consider them? Well, for two reasons. One, because we're sitting in de novo review. You're sitting in de novo review. Of his decision not to allow you to amend the complaint because request to leave for leave to amend was never posed to him. As part of de novo review, you have to decide whether there are any set of facts that are in this appellate record that support the underlying trade dress. We're not allowed to recast the case. We're viewing the case as it was put to the district court. You can't come in now with new evidence and new allegations. You've got to link them to what the district court had in front of them. And the case presented to this court, if one looks at it, has plenty of evidence to show that the trade dress is more than simply the border design. So the district court did dismiss that count, the trade dress infringement, with leave to amend. How did it limit the leave to amend? It wasn't clear that it limited it at all.  In fact, the discussion about the repackaging, which is a separate thing, which came up at the first hearing, came up in argument about trademark, not about trade dress. The court said in its order it was puzzled by the argument that was done in opposition to the preemption argument. And so the court was looking for more information on the trade dress. And that's what Mercado supplied. The district court's own description of that is somewhat different. So telling me what the district court was doing in a way that's not consistent with what the district court said it did gives me pause. I'm down to a minute. I'm happy to keep going, but I would love to have at least a minute to respond. You may. Sorry, I'm a little hoarse. May it please the court, Barbara Mandel for Appelli Indio Products. I have three overarching points that I'd like to make up front. The first is no matter how you define them, Indio has no trade dress rights to enforce against- I'm sorry, Mercado has no trade dress rights to enforce against Indio. That is whether you look at the label itself, which is preempted, or whether you look at the glass cylindrical candle and the holder and the whole nine yards, because all of that is in the public domain other than the label. We always get down to the label. So even if you remand it to decide whether the broader trade dress allegations finally plead a trade dress claim against Indio, we're going to move to dismiss it because, as I will develop in- That's sort of threatening, saying, well, if you do that, then we're going to do that. When the court ruled on the preemption, didn't the court get that wrong? Of course not. The court said- Well, you didn't really flesh that out in your brief. They never really appealed the court's preemption argument in the June order. It appealed the fictional preemption ruling in the September order, which was never made. It never appealed, it never said the judge was wrong in the June order to hold the label design preempted. Well, I guess I'm not understanding that exactly. So the court made a number of rulings. Correct. Now we have a final dismissal, final order, so we can review all of the court's orders, interim orders, including its order or determination on the first amended complaint regarding preemption, can't we? Correct? Correct. So if we think that the district court was wrong on its preemption determination, what's the effect of that? Well, first of all- The court erred, and it's the ground for dismissing the trade dress infringement in the first instance. I don't believe Mercado is appealing that. If you look at their first issue on appeal, they say whether their broader allegations of trade dress, which the court struck, whether their broader allegations should have been preempted. They never state as an issue on appeal that the district court was wrong in June when it held it was preempted. They only say that the judge was wrong to say the whole candle configuration was preempted. In the second amended complaint, preemption wasn't part of the district court's ruling. No. It was all about- No. Absolutely not. It was all about exceeding the scope of- Absolutely. This sort of happens serially. I'm sorry? This sort of happens serially, so it's a little bit hard to- I understand. It's very confusing. Well, it's a little bit hard to just compartmentalize it the way that you're doing that. Well, look, in Mercado's reply- Hold on, okay. I'm sorry. Let's try to be a little more formal instead of- No! Okay, I'm sorry. Okay. Okay, in its reply brief, Mercado insists that the district court in September held that it was sticking to the original preemption ruling because the new allegations did not support a trade dress claim. No, it's sticking to the additional preemption rulings, which is an element of a preemption decision. That's what Mercado argues, but if you look at the actual September order, they're misconstruing it. Let's look at that. If you look at the actual September order, the court said, and I quote, the allegations of surplus sales by Indio of Mercado Candles does not support a trade dress infringement claim. It did not say that the broader allegations of trade dress do not support a trade dress infringement claim. The court simply never ruled in September on the broader trade dress and preemption. Well, I hear what you're saying, and I understand what you're reading, but also, he's saying, look, you can't, he's saying to plaintiff, you can't bring in these additional elements because that's not what I granted you leave for, and that's part of appellant's protest here. So, isn't he implicitly continuing to say, and the elements that I do let you plead because they were in the First Amendment complaint, I've already told you in June weren't enough. If they were enough, then a different result would be reached at that stage. So, without repeating exactly what he said in June, it seems to me that remains a part of the court's decision because otherwise, if those pieces are sufficient and aren't preempted, the claim would survive. Correct. Well, I'm looking, I'm also looking at the brief, and it says the first issue on appeal is, should copyright preemption bar Mercado's trade dress claims when the visual and legal elements of those claims are much broader than the copyright claim. So, how is that issue not before us? I interpreted that as referring to the, because if you read the text. Well, but that's, the issues on appeal here relate to, they open that, they open on that in their opening brief. So, to say that they're not claiming that is. Well, if you look at the context, all they argue is that. I'm just looking at the issues on appeal. One, two, three. If you look at. And then you don't respond to that. Well, would you like me to go dig out my brief? I believe that we did respond and say that they have no trade dress rights. It's functional. How, did you respond in your brief to the preemption argument? Well, it's okay. Yeah, I mean, I thought you suggested, by notes, say the lower court didn't pass on the preemption issue, which seemed wrong to me, and then you argued that it was correct in June for the district court to strike Mercado's addition to the trade dress claim as exceeding the scope of amendment. Though you didn't argue the preemption issue on the law. I mean, I can't, I'll have to reference my brief. But I believe that, I argued that when you have just the label, it's coextensive. The court dismissed the copyright case because it found that there was no enforceable copyright and said that because the label is simply the copyright claim, it is preempted. So it was correct. And here we may have shifts passing in the night. Your brief does say that the district court was correct in concluding that the plaintiff's claim was preempted. But it explicitly defines that claim as being only what was stated in the First Amendment complaint based on your view of the district court's decision the second time, saying I'm not thinking about the additional elements. And all there is in the First Amendment complaint, the bullet-shaped window design and the picture of a saint and the name of the saint. And so you're talking about what the district court said in the First Amendment complaint and elect not to address the additional factors. If we let the additional factors come in, I don't see how you've offered an opposition to that. I think that I did. I think I said even if the court did decide, I did say I will engage in the, if you look on page 17 of my brief, the whole section is the district court correctly ruled that Mercado's claim trade dress was preempted by the copyright claim. But the first sentence refers explicitly to the first decision, the June order, and paragraph 21 of the First Amendment complaint. I don't see any discussion with regard to the additional elements that plaintiff attempted to add in the Second Amendment complaint. The second, well, I addressed their cases in the second paragraph. And then I talk about beginning on page 24 that, well, 22, the district court never found the refined trade dress to be non-functional and distinctive. So if you don't have trade dress, you don't even apply preemption. So I talk about, well, I talk about that the district court never found the redefined trade dress to be non-functional and distinctive. And I talk about the basis of the district court's decision was on preemption. I mean, I suppose, are you saying we should affirm, even if we disagree with its preemption ruling, we could affirm on a ground not addressed by the district court? Is that your argument? My argument is if you have no trade dress to enforce, there's no preemption. The court can never find the redefined trade dress to be valid trade dress because it's functional and there's no secondary meaning. It's not distinctive. So the district court didn't make any of those findings, right? So you would be arguing to us to make that determination. He said that. Correct. That's correct. Okay. Looks like I have six seconds left. If there are any further questions. Thank you. Thank you. Three quick things. One, of course, all the orders of the court are before this court. The dismissal order encompasses all of the court's orders. Second, the district court did, in fact, in its last order, address the allegations of trade dress in the Second Amendment complaint because that's the way it defined it. If you look in its order, it actually defines the trade dress citing to the Second Amendment complaint and then ultimately says, I still don't think this is enough. I'm going to stick with my original ruling about preemption. So that's where the court went. And finally, to the degree that this court does not believe that its de novo review or its discretionary ability to review the Second Amendment complaint apply here, we have also put an argument, and I believe a good argument, that it was an abuse of discretion in this situation for the district court to strike some of the allegations from the Second Amendment complaint, given that it was the court that was puzzled by the trade dress allegations, given that there was no Rule 16 order in place, given that we were not adding, McFarland did not add any new claims or enlarge the complaint in that fashion, like the one authority that the district court cited in the Benton situation. So I think the court doesn't need to go there. I think the court has, under its de novo or discretionary authority, the ability to look at the Second Amendment complaint. But even if not, we would maintain that there was an abuse of discretion in striking those allegations. And I have exceeded my time by 33 seconds. Thank you, Your Honors. Thank you. We thank both counsel for your helpful arguments. The case just argued is submitted.
judges: Clifton, Callahan, Ikuta